UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-63041-BLOOM/Valle

HOWARD GORDON,

    Plaintiff,

v.

NORRIS COCHRAN,[1] in his official capacity
as Acting Secretary of the United States
Department of Health and Human Services,
THE UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
THE UNITED STATES OF AMERICA,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Howard Gordon's ("Plaintiff") Motion for Summary Judgment, ECF No. [18] ("Plaintiff's Motion"), and Defendants, the Secretary of the United States Department of Health and Human Services, the U.S. Department of Health and Human Services, and the United States of America's (collectively, "Defendants") Cross-Motion for Summary Judgment and Response to Plaintiff's Motion, ECF No. [21], ("Defendants' Motion") (collectively, the "Motions"). The Motions were previously referred to United States Magistrate Judge Alicia O. Valle for a Report and Recommendation. ECF No. [20].

On February 12, 2021, Judge Valle issued a Report and Recommendation recommending that Plaintiff's Motion be denied, Defendants' Motion be granted, and the decision of the Medicare

---

[1] Alex Azar has ceased to hold the office of Secretary of the United States Department of Health and Human Services. Norris Cochran is now the Acting Secretary of the Department of Health and Human Services and is therefore automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d).

Appeals Council ("MAC") be affirmed. ECF No. [25] ("Report"). On March 4, 2021, Plaintiff timely filed his Objection to Judge Valle's Report, ECF No. [28] ("Objections"), primarily raising the following four issues: (1) Judge Valle's Report improperly attempted to track the reasoning of two distinguishable cases;[2] (2) the Report misinterprets Florida's Medical Malpractice Voluntary Binding Arbitration Statute ("MMS"), Fla. Stat. §§ 766.207, 766.209, 766.202(2); (3) the lack of settlement agreement in the record does not necessarily demonstrate that Plaintiff recovered medical expenses paid by Medicare and it was Defendants' burden to rebut Plaintiff's prima facie case to the contrary; and (4) the Report's disregard of Plaintiff's argument that Medicare can still be fully reimbursed through other avenues was erroneous. The Secretary of the U.S. Department of Health and Human Services subsequently filed a Response to Plaintiff's Objections. ECF No. [29] ("Response").

This Court has conducted a *de novo* review of the record in this case and the portions of the Report to which Plaintiff has objected in accordance with 28 U.S.C. § 636(b)(1)(C), and it has reviewed the remainder of the Report for clear error. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). As discussed in more detail below, the Court finds that each of Plaintiff's Objections are without merit and are therefore overruled. *See Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

Plaintiff's first objection takes issue with the fact that the Report "attempts to track the [distinguishable] rulings in both *Taransky* and *Mason*," despite not specifically comparing this case to *Taransky* and *Mason* in its analysis. ECF No. [28] at 3. The Court concludes that this objection is due to be overruled for two reasons. First, as Defendants correctly note, this objection

---

[2] *Taransky v. Sec'y of U.S. Dep't of Health & Human Servs.*, 760 F.3d 307 (3d Cir. 2014); *Mason v. Sebelius*, No. 11-2370 (JBS/KMW), 2012 WL 1019131, at *1 (D.N.J. Mar. 23, 2012).

is not a specific objection to a portion of the Report's findings or conclusions, but rather is an abstract or general objection. *See* ECF No. [29] at 2. "An objection must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020) (citing *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.")). Thus, as Plaintiff's objection is based on his perception of decisions the Report "attempts to track," but does not actually analyze, such an objection is insufficient and therefore must be overruled on this basis alone.

Second, Plaintiff's initial objection must also be overruled because, as discussed in more detail below, Judge Valle's Report analyzes comparable Florida state court cases in resolving the issues presented in the instant case. *See* ECF No. [28] at 14-15 (citing *Joerg v. State Farm Mut. Auto. Ins. Co.*, 176 So. 3d 1247 (Fla. 2015); *Pollo Operations, Inc. v. Tripp*, 906 So. 2d 1101 (Fla. 3d DCA 2005)). That the Report also relied on the relevant discussions in both *Taransky* and *Mason* to bolster its ultimate conclusion does not render the Report incorrect and Plaintiff's overall disagreement with the result is not a proper basis for an objection. Accordingly, Plaintiff's first objection is overruled.

In Plaintiff's second objection, he argues that the Report misinterprets the purpose of the MMS as being intended to prevent double recovery by a beneficiary. ECF No. [28] at 5-7. This objection, however, is misplaced as it cherry picks language from the Report, while ignoring Judge Valle's reasoning in other portions of the Report. Indeed, the Report states that the MMS provisions "were enacted by the Legislature to address spiraling medical malpractice insurance premiums." ECF No. [25] at 11. This is precisely what Plaintiff argues the MMS were enacted to address. As Defendants' Response correctly notes, that this purpose is, in part, achieved by

3

preventing double recovery is not a misinterpretation of the MMS. Likewise, to the extent that Plaintiff argues in his Objections that the Report incorrectly relied on decisions from the Supreme Court of Florida and the Third District Court of Appeal interpreting related Florida Statutes, rather than on orders from the Division of Administrative Hearings, the Court finds this argument to be without merit. *See* ECF No. [28] at 5, 6 (citing *Joerg*, 176 So. 3d 1247; *Pollo Operations, Inc.*, 906 So. 2d 1101). As Judge Valle correctly noted, the decisions by the State Division of Administrative Hearing are not binding on this Court. ECF No. [25] at 16-17 n.6. Instead, because the Court must attempt to predict how the Supreme Court of Florida would rule, the Report properly looked to analogous Florida state court decisions to resolve the issues raised in this case. *Id.* at 15 (citing *BRE Mariner Marco Town Ctr., LLC v. Zoom Tan, Inc.*, 682 F. App'x 744, 745-46 (11th Cir. 2017) ("Where the highest state court has not provided the definitive answer to a question of state law, we must predict how the highest court would decide this case, looking to the decisions of the lower state courts for guidance.")). The Court therefore concludes that Judge Valle's Report correctly interpreted the MMS. As such, Plaintiff's second objection is overruled.

Moreover, Plaintiff's third and fourth Objections are improper, as they attempt to expand upon and reframe arguments originally raised in Plaintiff's Motion and considered by Judge Valle. Plaintiff's Objections are, in essence, mere disagreements with the Report's conclusions. Yet, "[i]t is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

4

Indeed, in the third objection, Plaintiff argues that the absence of the settlement agreement in the record is irrelevant to the success of his claims. However, this objection merely reargues what Plaintiff already raised in his briefing, *see* ECF No. [24] at 5-6, and this argument was plainly rejected in the Report, *see* ECF No. [25] at 16-18. Plaintiff's disagreement with the Report's conclusion is not the proper basis for an objection. As such, Plaintiff's third objection is overruled. *See Marlite, Inc.*, 2012 WL 3614212, at *2.

Plaintiff's fourth objection, which argues that a point made in Plaintiff's reply brief "is important and should be considered," is improper and is thus due to be overruled. ECF No. [28] at 9. It is well established that arguments raised for the first time on reply are waived. *See Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1210-11 (11th Cir. 2015). This principle is also reflected in the Southern District of Florida's Local Rules. *See* S.D. Fla. L.R. 7.1(c) ("[A] reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."). As such, it was Plaintiff's responsibility to raise "important" arguments that "should [have been] considered" in his initial Motion, not as a last resort on reply. ECF No. [28] at 9; *see also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections need not be considered by the district court.").

In sum, upon a comprehensive review, the Court finds Judge Valle's Report to be well reasoned and correct. The Court therefore agrees with the analysis in the Report and concludes that Plaintiff's Motion must be denied, Defendants' Motion must be granted, and the MAC's decision must be affirmed for the reasons set forth in the Report.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [25]**, is **ADOPTED**.
2. Plaintiff's Motion for Summary Judgment, **ECF No. [18]**, is **DENIED**.

Case No. 19-cv-63041-BLOOM/Valle

3. Defendants' Cross-Motion for Summary Judgment, **ECF No. [21]**, is **GRANTED**.

4. The decision of the Medicare Appeals Council is **AFFIRMED**.

5. **FINAL JUDGMENT** is entered in favor of Defendants and against Plaintiff.

6. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

7. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 22, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record